established is necessarily inferred. It is a judicial postulate that inference must be legitimately derived from the proven circumstantial facts and follow their establishment to the extent of at least moral certainty. All possible error is, of course, not excluded in any human mode of trial of facts. A doubt should not survive the proof, in the sense of doubt as to where the greater weight of evidence lies. Here a conclusion ought not to have been reached that the proof of circumstances justified the inference of a caption and asportation. A loss of the jewelry is undoubted. The method is not proven. The circumstances do not inhibit a misplacement, or other disposal not recalled. For this lack I must hold the verdict unauthorized, and, upon the reservation at the trial, direct a verdict for the defendant.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, DOWLING, SMITH, DAVIS, and PAGE, JJ.

C. Goldzier, of New York City, for appellant.
J. L. Prager, of New York City, for respondent.

PER CURIAM. Determination and judgment affirmed, with costs. Order filed.

———————

GOUERT v. MECHANICS' & METALS NAT. BANK OF CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. May 8, 1916.)

JUDGMENT ⚖712—CONCLUSIVENESS—PERSONS CONCLUDED—UNKNOWN OWNERS.

   One who loaned stockbrokers negotiable bonds, to be shown to examiners as assets, which bonds were hypothecated by the brokers with their bank, and by the bank sold under collateral loan agreement before notice from the owner, is concluded by decree, though she was not a party, in a suit against the bank by a customer of the brokers, determining the title to assets in the hands of the bank.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. ⚖712.]

Action by Maybelle D. Gouert against the Mechanics' & Metals National Bank of the City of New York and others. Complaint dismissed.

House, Grossman & Vorhaus, of New York City, for plaintiff.
Frank M. Patterson, of New York City, for defendant Mechanics' & Metals Nat. Bank.
Leon Lauterstein, of New York City, for defendant Gilbert.
William P. Fisher, in pro. per.

NEWBURGER, J. In February, 1910, the defendants Stoppani & Hotchkin executed a general collateral agreement with the defendant the Mechanics' & Metals National Bank whereby the said firm agreed from time to time to deposit certain securities as collateral for loans to be made to them by the bank. The firm from time to time borrowed certain sums of money and deposited certain bonds and stocks as collateral security. On the 18th day of May, 1914, the firm of Stoppani & Hotchkin failed, and made a general assignment to Abraham S. Gilbert for the benefit of their creditors, at which time they were indebted to the Mechanics' & Metals National Bank in the

sum of $49,000, and had pledged with said bank certain bonds and stocks. Subsequently, and pursuant to said collateral agreement, the bank disposed of all of the securities with the exception of 100 shares North American Company stock and 100 shares American Smelting & Refining Company stock, and applied the proceeds towards the in-debtedness of the firm, but there remained and still remains due to the bank the sum of $6,435.92 and interest. The defendant Fisher carried with the defendants Stoppani & Hotchkin a speculative account upon which he was indebted in the sum of $6,639.04, to secure which the said firm held certain securities, including the shares of the American Smelting & Refining Company heretofore referred to as having been hypothecated with the defendant bank by Stoppani & Hotchkin under the collateral agreement.

Upon the 24th day of February, 1914, the plaintiff loaned to Stop-pani & Hotchkin $4,000 par value city of New York 4's and $6,000 par value United States Steel sinking fund 5 per cent. bonds, upon the representation and understanding that they might be shown together with the assets of the firm to a committee of the Stock Exchange, who were about to examine the books of said firm of Stoppani & Hotchkin. Plaintiff was not indebted to said firm, nor did she have any account with them. Immediately upon obtaining said securities from plaintiff, Stoppani & Hotchkin delivered the same to the Mechanics' & Metals National Bank to secure their indebtedness, and subsequently they were sold by the bank on May 26, 1914, under the collateral loan agreement. On the 3d day of June, 1914, plaintiff served a written notice on the bank of her ownership, and demand for her securities. In an action brought by the defendant Fisher against the Mechanics' & Metals National Bank, it was decreed that the defendant bank may liquidate the balance due on its loan to Stoppani & Hotchkin out of the 100 shares of the North American stock and the 100 shares of the American Smelting & Refining Company stock, and after liquidation to pay over any surplus to William P. Fisher, and also awarding judg-ment in favor of said Fisher against Stoppani & Hotchkin in the sum of $13,335.32, with interest, and further directing that upon the pay-ment by Fisher to said bank of the sum of $6,435.92 and interest, the North American Company and American Smelting & Refining Com-pany stock should be delivered to said Fisher.

This action is now brought to marshal the assets of Stoppani & Hotchkin. An examination of the record in Fisher v. Mechanics' & Metals National Bank, 89 Misc. Rep. 587, 153 N. Y. Supp. 786, and the opinion of Mr. Justice Shearn, leads to but one conclusion: That whatever assets of Stoppani & Hotchkin remain in the hands of the bank under the collateral agreement are disposed of by the decree in that action. It is conceded by plaintiff herein that the assets that she desires to impress with her claim are those referred to in the judg-ment of Fisher against the Mechanics' & Metals National Bank. While it is true that the plaintiff was not a party to the Fisher suit, yet this court, having determined the title to the assets remaining in the hands of the bank, disposes of plaintiff's claim thereto.

Complaint dismissed, but without costs. Submit findings and decree.